ORIGINAL



Jerry J. Jarzombek
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| CLYDE E. RANDLE, | § | Civil Action No. |
| | § | |
| Plaintiff, | § | **4 - 10 CV - 9 4 6 - A** |
| | § | |
| | § | **COMPLAINT** |
| vs. | § | **and** |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| MIDLAND FUNDING, LLC and | § | |
| McCLESKY, HARRIGER, BRAZILL & | § | |
| GRAF, LLP, | § | |
| | § | |
| Defendants. | § | (Unlawful Debt Collection Practices) |
| | § | |

### Preliminary Statement

1.      Plaintiff, Clyde E. Randle ("Randle"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2.     Defendant, Midland Funding, LLC ("Midland") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Providian.   The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes.  Midland claims to have acquired the Debt, after default, from Providian.

3.     Defendant, McCkelsy, Harriger, Brazill & Graf, LLP ("McClesky") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Providian, now allegedly owed by Midland.  The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes.  Midland claims to have acquired the Debt, after default, from Providian.

## Jurisdiction and Venue

4.     Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

5.     Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

6.      Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

7.      Midland is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Midland's business is the collection of consumer debts which it has acquired, after default. Midland does not extend credit to any of the consumers whose debt it acquires. Rather, the sole purpose of the acquisition of these defaulted debts is their collection, for profit. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Midland is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

8.      McClesky is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of McClesky's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. McClesky is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). McClesky is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

9.      On or about July 16, 2010, McClesky filed suit on behalf of Midland in the Justice Court, Precinct 8 of Tarrant County, Texas, under Cause No. C15292. Said suit was styled *Midland Funding, LLC v. Clyde E. Randle* (the "State Court Case.").

10. Cause No. C15292 sought recovery under various theories, including breach of contract.

11. All theories of recovery pleaded in the state court lawsuit were barred by the applicable statute of limitations, as more than four years has passed since the date of default. When Randle answered the State Court Case, he noted in his answer that Plaintiff's claims were barred by limitations. Undaunted by this notice, Defendants have maintained the lawsuit, propounding discovery on Randle, which has been answered.

12. Defendants were aware of the passage of limitations, as McClesky stated to Randle in a telephone conversation on or about August 4, 2010 that the Debt was charged off by the original creditor for non-payment in December of 2005.

13. Also on August 4, 2010, McClesky represented that a balance remained on this Debt, and told Randle "you still have to pay it – it doesn't go away."

14. As to the longevity of the account, McClesky represented to Randle that the account was "opened in 1995 ... charged off in December 2005 for non-payment." As to the relationship between when payments stop and charge-off, McClesky represented that "typically it goes three months before they charge it off."

15. McClesky represented to Randle that he made a payment of $60 in October 2006, which Randle denies. However, a partial payment after charge-off does not interrupt the running of limitations. Mere payment of a debt neither interrupts running of statute of limitations on debt nor acknowledges justness of debt with implicit promise to pay it. *Siegel v. McGavock Drilling Co.* 530 S.W.2d 894 (Tex.Civ.App 1975, writ ref'd n.r.e.).

16.     Defendants mistake of law is not a shield for liability under the FDCPA. See *Jerman v. Carlisle, et al,* 129 S.Ct. 2863 (2009).

17.     Randle has incurred legal fees in the defense of the time-barred claim asserted by Defendants.

18.     The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

19.     The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff. Defendants knew or should have known that the Debt was barred by limitations as they had the date of the charge-off in their records – which was December 2005 – and knew that default occurred at least three months prior to that time, and elected to file the time-barred suit on July 10, 2010, long after limitations had expired.

20.     The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

## First Claim for Relief

21.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

a.  In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit on a time-barred debt, and causing Plaintiff to incur attorney's fees in the defense thereof.

b.  In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt. Sections 15 U.S.C. 1692e, e(2)(A) and e(5) of the FDCPA have been interpreted to prohibit a debt collector from threatening to sue or instituting suit on a debt that it knows is barred by the statute of limitations. See *Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480, 1488-1490 (M.D.Ala. 1987); *Beattie v. D.M. Collections, Inc.,* 754 F. Supp. 383, at 393 (D. Del. 1991) (noting that it is an FDCPA violation for a debt collector to threaten a lawsuit if he or she knows or should know that such a suit is time barred); *Stepney v. Outsourcing Solutions, Inc.,* 1997 U.S.Dist. Lexis 18264, 1997 WL 722972 (N.D. Ill. 1997) (Court denied Defendant's motion to dismiss because Plaintiff alleged a violation of the FDCPA based on Defendant's knowing attempt to collect time barred debt with threats of "further collection action"); *Goins v. JBC & Associates, Jack H. Boyajian,* 2005 U.S. Dist. LEXIS 595.

c.  In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

d.  In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit on a time-barred debt, and causing Plaintiff to incur attorney's fees in the defense thereof.

22.  Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

23.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

      a.     In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to
take (and/or did take) an action prohibited by law.

      b.     In violation of  Tex. Fin. Code § 392.304(a)(8), the Defendants misrepre-
sented the character of a consumer debt, and the status of the debt in a
judicial proceeding.

      c.     In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false
representations and deceptive means to collect a consumer debt.

24.     Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA

render them jointly and severally liable to Plaintiff for statutory damages, actual damages, injunctive

relief, declaratory relief, costs, and reasonable attorney's fees.

## Third Claim for Relief

25.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs. The Defendants' violations of the DTPA include, but are not limited to the following:

      a.     Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendants' violations of the
TDCA also constitute a deceptive trade practice under Subchapter E, Chapter
17, Business & Commerce Code, ("DTPA") and is actionable under that
subchapter.

26.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the

DTPA render them jointly and severally liable to Plaintiff for injunctive relief and reasonable

attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.   Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2.   Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.   Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.   Grant such further relief as deemed just.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

JS 44 (TXND Rev. __) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Clyde E. Randle

**DEFENDANTS**
Midland Funding, LLC and McClesky, Harriger, Brazill & Graf, LLP

**(b)** County of Residence of First Listed Plaintiff  Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC;
714 W. Magnolia Avenue; Fort Worth, TX 76104; 817-348-8325

Attorneys (If Known)

4-10CV-946.-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 UCS 1692 et seq

Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:

JUDGE

DOCKET NUMBER

DATE 12/14/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW13066  AMOUNT $350.00  APPLYING IFP  JUDGE  MAG. JUDGE